[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 09-12119
Non-Argument Calendar
_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
APR 7, 2010
JOHN LEY
CLERK

D.C. Docket No. 07-20129-CV-AMS

CARLOS B. BRANDT,

Plaintiff-Counter-Defendant-
Appellant-Cross-Appellee,

ORESTES LOPEZ,

Plaintiff-Appellant-
Cross-Appellee,

versus

MAGNIFICENT QUALITY FLORALS CORP.,
MOISES SANCHEZ,

Defendants-Counter-Claimants-
Appellees-Cross-Appellants.

_____

Appeals from the United States District Court
for the Southern District of Florida
_____

(April 7, 2010)

Before BLACK, PRYOR and COX, Circuit Judges.

PER CURIAM:

Plaintiffs Carlos B. Brandt and Orestes Lopez sued Defendants Magnificent Quality Florals Corporation and Moises Sanchez to recover overtime wages that Defendants allegedly owed them under the Fair Labor Standards Act, 29 U.S.C. §§ 201-216. Plaintiffs, who were employed by Defendants, each claimed that Defendants did not pay them for the time they worked which exceeded forty hours per week, as required by the Act. The case was tried to a jury before a magistrate judge. A jury awarded damages of $604.26 to Plaintiff Brandt (which was doubled to $1,208.52 with liquidated damages), but awarded no damages to Plaintiff Lopez.

Thereafter, Defendants filed two motions for sanctions and attorney's fees against the Plaintiffs and their counsel. Defendants argued that Plaintiffs committed perjury, that the case was a fraud perpetrated upon the court, and that Plaintiffs' counsel did not investigate their clients' claims. Moreover, Plaintiffs filed a motion for a new trial, arguing that Defendants' counsel presented an improper closing argument by engaging in personal attacks on Plaintiffs' attorneys, referring to evidence that the magistrate judge had excluded from trial, and making outrageous statements. The magistrate judge denied both motions. (R.4-132, 135.) Plaintiffs appeal, challenging the magistrate judge's denial of their motion for a new trial, and Defendants cross-appeal, challenging the denial of their motions for sanctions.

2

We review the magistrate judge's denial of a motion for a new trial for an abuse of discretion. *Millennium Partners, L.P. v. Colmar Storage, LLC*, 494 F.3d 1293, 1301 (11th Cir. 2007). Likewise, we review the magistrate judge's decision denying sanctions and attorney's fees for an abuse of discretion. *SCADIF, S.A. v. First Union Nat'l*, 344 F.3d 1123, 1130 (11th Cir. 2003); *Mut. Serv. Ins. Co. v. Frit Indus., Inc.*, 358 F.3d 1312, 1326 (11th Cir. 2004).

Although the magistrate judge noted that the arguments made by Defendants' counsel were improper, she found that counsel's "comments, viewed in the context of the totality of the case, did not affect substantial justice, and do not rise to the level at which a new trial is appropriate." (R.4-135 at 4-5.) With respect to Defendants' motions for sanctions and attorney's fees, the magistrate judge found that although the Plaintiffs' claims were weak, "they were not frivolous." (R.4-132 at 8.)

After review, we find that the magistrate judge did not abuse her discretion in denying Plaintiffs' motion for a new trial or in denying Defendants' motions for sanctions and attorney's fees.

The closing argument of Defendants' counsel was improper in several respects, but no objections to the argument were voiced at the time. While the magistrate judge should have intervened and curtailed this improper argument, we find no abuse of discretion in the decision to deny Plaintiffs' motion for a new trial because we find

3

the magistrate judge's reasons for denying Plaintiffs' motion persuasive. And, while we find the Plaintiffs' case weak at best, we find no abuse of discretion in the denial of Defendants' motion for sanctions. Defendants did not keep records of hours worked by employees as required by the Act. Thus, Plaintiffs' counsel did not have access to time records and had to rely largely on Plaintiffs' memories regarding time worked. Given all the circumstances, the district court did not abuse its discretion in giving Plaintiffs the benefit of the doubt in denying Defendants' motion for sanctions.

AFFIRMED.